SHEPHERD, J.
This is an appeal by M.B. from an Agency for Persons with Disabilities Final Order of Dismissal of her petition for benefits for failure to appear at the final administrative hearing. Agency counsel below *67 agreed the order was inappropriately entered. Here, through newly retained appellate counsel, the Agency disavows its agreement. Nothing, of course, has changed in the meanwhile. We summarily enforce the Agency’s original agreement and order the Agency’s appellate counsel of record and the Agency itself, through separate counsel, to show cause within ten days why each should not be sanctioned pursuant to Florida Rule of Appellate Procedure 9.410(a) for the maintenance of a frivolous defense to this appeal.
M.B. is a developmentally disabled adult who had been receiving behavior assistant services through the Agency. On March 8, 2011, the Agency advised M.B.’s legal guardian, her mother, it had determined to terminate services. M.B.’s mother promptly requested an administrative hearing to contest the termination. The Department of Children and Families Office of Appeals Hearings scheduled the hearing for July 10, 2012.
On July 9, 2012, one day prior to the scheduled hearing, counsel for M.B., Betsy Warwick, sent an email to Agency counsel, Tornea Sippio-Smith, stating:
Tornea, Attached is the Agreement signed by [M.B.]. When you have it signed by the Director, please forward a copy to me for my files.
So we don’t have to go to the hearing to show this, do we?
The next morning, prior to the time scheduled for the hearing, Sippio-Smith responded, “We do not have to go to the hearing.” .She also notified the hearing officer the Agency had elected to withdraw the denial of continued benefits to M.B. The notice stated:
After further review, the Agency for Persons with Disabilities has decided to withdraw the Final Notice of Determination to Deny, Reduce or Terminate Services dated March 8, 2011. Due to the withdrawal of the Notice, Petitioner is authorized to receive twenty-five (25) hours of Behavior Assistance] in her cost plan. Petitioner remains authorized for Adult Day Training (ADT) at the 1:10 ration.
Any documents approved by the local Review committee (LRC) terminating Behavior Assistant Services and/or approving Adult Day Training (ADT) at the 1:1 ration is revoked and superseded by this withdrawal of the Final Notice.
In reliance upon Agency counsel’s experience in these matters, Warwick did not attend the scheduled hearing. She was surprised a week later to receive a Recommended Order of Dismissal signed by the hearing officer, stating that because she did not appear for the hearing, her appeal was considered “abandoned.” The next day, on the strength of the Recommended Order, an Agency Clerk issued a Final Order of Dismissal. The order advised M.B. she had thirty days to appeal the dismissal.
Before the time to appeal expired, counsel for M.B. sought Sippio-Smith’s assistance in having the Final Order vacated or amended. Sippio-Smith agreed the order should be vacated, stating in an e-mail to Warwick that he “asked Tallahassee to amend the final order to reflect what the Agency’s memorandum to the hearing officer- said.” In an abundance of caution, Warwick filed the instant appeal on the thirtieth day after rendition.
On appeal, the Agency reverses its position. Represented by new counsel, the Agency now argues for affirmance for two reasons: (1) M.B. failed to file objections to the recommended order of dismissal; and (2) the dismissal was proper because M.B. failed to advise the hearing officer the case had been resolved. The Agency’s first argument can only be described as *68 absurd. The Final Order of Dismissal was issued one day after the Recommended Order.[1] The Agency’s second argument directly conflicts with the position taken by Agency counsel below. It is painfully obvious from the correspondence between Sip-pio-Smith and Warwick below that Sippio-Smith conceded the Final Order was entered in error.
M.B. also contends the Agency erred by denying her request for indigen-cy. Pursuant to Florida Rule of Appellate Procedure 9.040(c) (providing “[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought”), we treat this portion of the brief as a motion for review pursuant to Florida Rule of Appellate Procedure 9.430, which provides, “Review of-decisions by the lower tribunal shall be by motion filed in the court.”
M.B.’s mother filed a Financial Affidavit, in which she indicated “N/A” for any income. She also indicated “0” on the line that requested a summary of income and expenses. However, at the end of the form, she wrote, “ ""Please Note: The Appellant is a 25[-]year[-]old young lady who is. diagnosed with Autism, Mental Retardation and Epilepsy. She has never worked and [r]eceives SSI.” The Order Denying Request for Indigency states, “the Agency finds the Financial Affidavit to be inadequate due to inconsistencies in the information.” We cannot- disagree. Indeed, M.B. concedes “she should have entered the SSI amount under “Disability Benefits.” The order clearly states the reason for denial as required by Rule 9.430(a).
The Agency Final Order of Dismissal is reversed and remanded with directions that M.B.’s Petition be dismissed as moot. The Agency’s decision to deny M.B,’s request for indigency is affirmed. Show cause order issued.
Affirmed in part, reversed in part, show causé order issued.

. Agency rules afford parties fifteen days to file objections. See■ Fla. Admin.' Code R. 28-106.217.